The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Shuping and the briefs on appeal. Oral argument before the Commission was waived. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives or amend the Opinion and Award. Accordingly, the Opinion and Award by Deputy Commissioner Shuping is affirmed.
This admittedly compensable matter, which has been subject of awards of temporary-total and temporary-partial disability, was heard in part by Deputy Commissioner Shuping on 1 September 1994 in Gastonia. Prior to the hearing the parties entered into a Pre-Trial Agreement, hereby incorporated by reference as if fully set out herein, in which they agreed to a number of jurisdictional and other factual stipulations, including the attached medical records. By subsequent Order the parties were allowed a reasonable period of time to obtain, either by deposition at defendants expense or stipulated report, the medical evidence necessary to complete the record and have since not only deposed Drs. Hamaty, Chapman and Sanders, but have submitted Statements of Contention; therefore, the same stands ready for appropriate final disposition and for the purpose thereof each of the prior Industrial Commission Awards are hereby incorporated by reference as if fully set out herein.
The Full Commission adopts the Findings of Fact found by the Deputy Commissioner, as follows:
FINDINGS OF FACT
1. Plaintiff is a retired, 66 year-old female who did not have an antecedent history of back problems prior to the February 22, 1992 date in question. She attended part of the ninth grade and is able to read and write. Her other prior work experience has included working as a unifill operator at Reeves Brothers, knitter at both Craftspun and Kings Mountain Knitting, at Master Packaging in Florida making plastic bags, at another manufacturer in Michigan as a bender and press operator, as a night supervisor at a children's nursery in Anchorage, Alaska and as a twister tender at both Sadie Mill and Pharr Yarns. She has worked since age 16 and would have liked to continue working for defendant-employer, where she had been employed for almost 14 years and was a valued and well respected employee, had she not been forced to retire by her chronic, incapacitating pain.
2. Plaintiff was initially assigned to a job in the premises grinding area, but had difficulty learning it and after three weeks was transferred to the paint line where she was responsible for painting the sockets that defendant-employer manufactured for Craftspun and worked for two and a half years until returning to a job in the grinding area.
3. At the time of her injury, however, she had become a stamper operator responsible for placing sockets weighing a maximum of 12 ounces in her machine. When plaintiff began the same job her machine was fed by hopper allowing her to pull down the needed parts with her left hand; but because of a subsequent change in equipment the hoppers were taken away resulting in the grinders shooting the needed parts down into a tub on the floor requiring plaintiff to bend down to within six inches of floor level to lift needed trays of parts from the bottom of the tub.
4. As she was bent down in the process of lifting a tray of needed parts from this same tub on February 22, 1992 plaintiff sustained the admittedly compensable back injury giving rise hereto, which aggravated the pre-existing, but previously asymptomatic degenerative disc disease and arthritis in her lumbosacral spine thereby proximately contributing to her ultimate disability resulting in the chronic, incapacitating pain she continues to suffer.
5. Plaintiff initially received a prolonged course of conservative treatment, but when her condition did not improve she underwent decompressive back surgery at the affected L4-L5 and L5-S1 levels of her lumbosacral spine, which was performed in February of 1993 by Dr. Todd M. Chapman, a Charlotte orthopedic surgeon, and did significantly reduce her leg pain, but not her incapacitating back pain.
6. On or about August 25, 1993 when Dr. Chapman released her from his care plaintiff ultimately reached maximum medical improvement and/or the end of the healing period from and following the involved back injury and corrective surgery necessitated thereby, at which time she retained a ten (10) percent permanent-partial disability of the back from the same injury and as a result was unable to return to her regular stamper operator's job because of having to bend down to within six inches of floor level in order to pickup trays of needed parts from a tub; but rather — if (able to return to work) at all, to some type of light to sedentary work that did not involve lifting in excess of 15 pounds, prolonged sitting or standing or repetitive twisting, turning, pushing, pulling, bending or stooping.
7. In the interim on June 28, 1993 Dr. Chapman had approved plaintiff attempting to return to work on a trial basis performing a modified stamper operator's job defendant-employer had available where the needed parts were delivered by hopper to her work station enabling plaintiff to pull them out rather than requiring her to bend over to within six inches of floor level in order to lift heavy trays of needed parts from the tub as she was doing when injured and allowed a gradual return to work involving working four hours a day the first week, followed by six hours the second week before ultimately returning to a full eight hour workday.
8. Despite her chronic pain plaintiff did make a good faith effort to return to the modified stamper operator's job and was ultimately able to work a couple of weeks full-time until July 27, 1993 when she had to stop working for almost two months because of the death of her sister-in-law and an episode of pneumonia. Upon again attempting to return to work for defendant-employer on September 21, 1993 plaintiff was transferred to the second shift and worked a stamper operator's job the first day and sorted the second. Because of her chronic incapacitating pain plaintiff was not able to complete the workday on September 21, 1993; but rather, was forced to stop working and to retire from defendant's employ.
9. Plaintiff's chronic incapacitating pain is aggravated by activity and not only results in her having good days when she can attempt limited activity such as doing her laundry, but bad ones when she cannot do anything. In order to obtain relief from her pain plaintiff must lay down for an hour twice a day and can only sit comfortably for 15 minutes and stand for 30. Because of her inability to cope with her pain plaintiff has become depressed not only resulting in her being withdrawn and having essentially "given up", but was visibly evident to the undersigned from her demeanor at hearing, including the fact that she was crying on occasion.
10. Although since being forced to retire from defendant's employ because of her chronic incapacitating pain plaintiff has not sought further alternate employment; there is no convincing credible evidence that there are jobs available for someone of plaintiff's age, education, background and work experience suffering from the type of chronic incapacitating pain she does; but rather, because of her pain it would be futile for plaintiff to even attempt to find employment.
11. Because of her age plaintiff is not a candidate for cervical fusion; but rather, only requires conservative treatment to provide pain relief thereby hopefully improving her level of function and consisting of bracing, physical therapy and various medications, including antidepressants.
* * * * * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. For the reasons stated in the above Findings of Fact plaintiff was justified in refusing to attempt to continue a trial return to modified work after September 21, 1993 when her chronic pain became totally incapacitating. G.S. § 97-32.
2. As a result of the permanent back injury that she suffered on February 22, 1992 plaintiff has remained totally disabled since September 21, 1993 entitling her to compensation at a rate of $426.00 per week from September 21, 1993 to the scheduled hearing date and thereafter continuing at the same rate so long as she remains totally disabled. G.S. § 97-29.
* * * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law the Full Commission affirms the holding of Deputy Commissioner Shuping and enters the following:
AWARD
1. Defendants shall pay plaintiff, on account of her continuing total disability, compensation at a rate of $426.00 per week from September 21, 1993 to the scheduled hearing date and thereafter continuing at the same rate so long as she remains totally disabled. Such compensation as has accrued hereunder shall be paid in a lump sum, without commutation, subject to a reasonable attorney fee hereinafter approved. Defendants shall pay interest on such accrued compensation from 17 May 1995 (the date of the hearing below) until paid. All of the interest is payable to the Plaintiff.
2. At this time a reasonable attorney fee in the amount of twenty-five (25) percent of the accrued compensation benefits due under the above award is hereby approved for plaintiff's counsel, which shall be deducted from the same award and forwarded directly thereto. For the balance of his fee defendants shall forward every fourth compensation check payable hereunder directly to plaintiff's counsel.
3. To the extent the same are reasonably designed to tend to effect a cure of, provide needed relief from and/or lessen the period of disability associated with plaintiff's incapacitating pain defendants shall pay all reasonable and necessary medical expenses incurred as a result of the February 22, 1992 back injury giving rise hereto when bills for the same are submitted in accordance with the Industrial Commission Rules.
4. Defendants shall bear the costs, including as part thereof, the expert witness fees previously awarded Drs. Hamaty, Chapman and Sanders to the extent they have not already been paid.
 S/ _________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _________________________ LAURA K. MAVRETIC COMMISSIONER
S/ _________________________ WILLIAM L. HAIGH CHIEF DEPUTY COMMISSIONER